## Joshua B. Broomell et Ux., Plffs. in Err., *v.* Rebecca Anderson.

A married woman joined with her husband in executing a mortgage on her real estate, and afterwards conveyed to another, who conveyed to her husband. On a scire facias to foreclose the mortgage, the wife was joined as a codefendant with the husband;—*Held,* that as to her the action was *in rem* and that she was not interested in the result of the suit so as to set up the defense of the payment of usurious interest by the husband.

(Argued February 9, 1887.   Decided February 21, 1887.)

January Term, 1887, No. 53, E. D., before Mercur, Ch. J., Gordon, Trunkey, Sterrett, and Clark, JJ.   Error to the Common Pleas of Chester County to review a judgment on a verdict for the plaintiff in scire facias sur mortgage.   Affirmed.

The pleas were payment, set-off and coverture.

At the trial before Futhey, P. J., the following facts appeared:

Mrs. Martha Y. Broomell obtained the title to the property in question on January 2, 1866.   On December 1, 1866, she made a deed to Alexander Mode, Jr., who subsequently reconveyed the property to her husband, Joshua B. Broomell.   On April 2, 1866, Mr. Broomell and his wife mortgaged the property to Thomas S. Valentine for the sum of $4,000.

The mortgage was held by Thomas S. Valentine during his lifetime, and after his death in 1866, by his estate, until the year 1869, at which time, in order to settle the estate, it was assigned by his administrators to Joseph Anderson, who thus became the holder of the mortgage.

On April 28, 1870, $2,000 of the mortgage was paid off, thus reducing the principal to $2,000.   In 1874 it was assigned by Joseph Anderson to his sister, Rebecca Anderson.   Mr. Broomell executed a declaration of no set-off.

The title to the land remained in Mr. Broomell until 1876, when the property was sold by the sheriff.

Cited in Hunsicker v. Richardson, 3 Pa. Dist. R. 179, 13 Pa. Co. Ct. 524, 9 Montg. Co. L. Rep. 153, 5 Del. Co. Rep. 336.

Note.—See note to Bonnell's Appeal, 4 Sad. Rep. 7, for who may defend for usurious interest.

Interest was paid on the mortgage for $4,000, until $2,000 was paid off in 1870, after which the interest was paid regularly on the remaining $2,000. The payments of interest were made to Joseph Anderson, while he held the mortgage, and to Rebecca Anderson, after it was transferred to her.

The defendants contended that usurious interest to the amount of $440 was paid to Joseph Anderson and to Eber Anderson for him, and that this was, *pro tanto,* a set-off to the plaintiff's claim.

The court, after reviewing the evidence, charged as follows:

You will consider the circumstances under which the mortgage was originally given, and subsequently assigned, and ascertain whether Rebecca Anderson was the bona fide holder of the mortgage; if she was, this defense cannot be made; if she was not, then the set-off claimed by the defendant could be maintained, if you find the facts to be as he has related them.

The mortgage was given by Joshua Broomell and his wife; and this suit was brought against them as the parties who gave the mortgage, whether they were the owners of the property at the time or not. In 1866, subsequent to the giving of the mortgage, Mrs. Broomell deeded the property to Mr. Mode, who immediately conveyed it to her husband, in whom the title remained until the sheriff's sale.

[While Mrs. Broomell is technically a defendant in this action, the suit being brought against her and her husband jointly, yet she has not owned the property since 1866, and therefore she has no interest in the result of this suit; but that is a question you need not consider in this case, because the suit is brought against the property itself; and the simple question is whether this real estate shall pay the sum of $2,000, with its interest, or a less amount, with its interest, as you shall find the facts of the case warrant.]

Your verdict will therefore be either in favor of the plaintiff for $2,000, with the unpaid interest to this date, if you find that the mortgage was owned by Rebecca Anderson; or, if you find that the mortgage belonged to Joseph Anderson, you will consider the claim of the defendants, relative to the payments of $120 and $80, and also as to the $240, if you find the mortgage was held by Eber Anderson, and render a verdict accordingly.

Verdict and judgment were for the plaintiff for $2,058.

The assignment of error specified the portion of the charge inclosed in brackets.

*William M. Hayes,* for the plaintiffs in error.—Unless a scire facias on a mortgage in a suit *in rem,* and not in *personam,* the court below erred in charging that Mrs. Broomell had no interest in this case, "because the suit is brought against the property itself."

The defense of usury is personal, and if the mortgagor does not choose to set it up as a defense to the sci. fa., a stranger to the mortgage cannot do so. Bonnell's Appeal, 4 Sad. Rep. 7, and Schwartz v. Kleber, 4 Sad. Rep. 300.

In most cases the debtor is the only person who can take advantage of the payment of usurious interest. Wheelock v. Wood, 93 Pa. 298, and Lennig's Appeal, 93 Pa. 301; Parker v. Sulouff, 94 Pa. 527; Huckenstein v. Love, 98 Pa. 518.

*D. Smith Talbot* and *Alfred P. Reid,* for defendant in error. —A scire facias sur mortgage is strictly a proceeding *in rem.* Wilson v. McCullough, 19 Pa. 77.

A subsequent judgment creditor cannot attack a judgment on the ground that it contains usurious interest, without proof of an intent to defraud him thereby. Wheelock v. Wood, 93 Pa. 298; Lennig's Appeal, 93 Pa. 301.

In Parker v. Sulouff, 94 Pa. 527, it was held that because the mortgagor was personally liable on his bond, which accompanied the mortgage, he was directly interested in the suit on the mortgage, and could set off the excess of interest paid by himself, although he had sold the property bound by the mortgage.

And in Huckenstein v. Love, 98 Pa. 518, the same principle was laid down.

In Bonnell's Appeal, 4 Sad. Rep. 7, the decision was that a terretenant who had bought the property subject to a mortgage could not set up, as a defense to a sci. fa. thereon, usurious payments made by the mortgagor, if the latter did not claim to do so.

PER CURIAM:
The specification of error is not sustained. The court correctly held that the plaintiff in error had no interest to protect, in the result of this suit. So far as she is concerned it is solely a proceeding *in rem* against the property covered by the mortgage. She sustains no such relation to the property that she can gain or lose by the judgment in this case.

Judgment affirmed.